The CITY OF STILLWATER, OKLAHOMA, A Municipal Corporation, Plaintiff,

v.

AN EASEMENT AND RIGHT–OF–WAY FOR WATER PIPELINE PURPOSES ACROSS VARIOUS TRACTS OF LAND IN NOBLE COUNTY, OKLAHOMA AS INDICATED, et al., Defendants.

No. CIV–81–674–D.

United States District Court, W.D. Oklahoma.

July 8, 1981.

Winfrey D. Houston, Szlichta & Morgan, Stillwater, Okl., for plaintiff.

Yvonne T. Knight, Boulder, Colo., Vincent L. Knight, Oklahoma City, Okl., Harvey C. Ely, Red Rock, Okl., John E. Green, Asst. U.S. Atty., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This is a condemnation action brought by Plaintiff to obtain easements and rights-of-way in various tracts of land located in Noble County, Oklahoma, for use in connection with a municipal water supply pipeline running from Kaw Reservoir in Osage County, Oklahoma, to Stillwater, Oklahoma. Presently before the Court in this matter is a Motion to Dismiss for Lack of Subject Matter Jurisdiction and a Motion entitled "Motion to Postpone Appointment of Commissioners, or in the Alternative to Prohibit Plaintiff from Entering into Possession, Pending Final Resolution of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction" filed by Defendants Pearl H. DeRoin McKinney, Lillian Carson Morgan, Lena Shadlow Black, Stella DeRoin Rowe, Willene DeRoin Ross, Clarice DeRoin Rickman, Wilma DeRoin Guoladdle, Cornelia DeRoin Yellowfish and Louis (Lewis) Peters (hereinafter referred to collectively as "Movants"), all of whom are Indian allottees. On June 30, 1981, the Court conducted a hearing on Movants' Motion to Dismiss at the conclusion of which the Court orally overruled said Motion and indicated that the instant Order would be entered formally setting out the Court's ruling.

In their Motion to Dismiss, Movants contend that this action should be dismissed for lack of subject matter jurisdiction on the grounds that the second paragraph of § 3 of the Act of March 3, 1901, ch. 832, § 3, 31

Stat. 1084 (codified at 25 U.S.C. § 357) has been partially repealed by implication by the Act of February 5, 1948, ch. 45, §§ 1–6, 62 Stat. 17–18 (codified at 25 U.S.C. §§ 323–328), and therefore does not empower the Plaintiff to *condemn* a water pipeline right-of-way across Movants' allotments.

25 U.S.C. § 357 provides as follows:

"Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee."

Turning to the Act of February 5, 1948, *supra* (hereinafter "1948 Act"), 25 U.S.C. § 323 empowers the Secretary of the Interior to *grant* rights-of-way for all purposes, subject to such conditions as he may impose, across any Indian lands held in trust. 25 U.S.C. § 324 requires "the consent of the proper tribal officials" before a right-of-way may be *granted* over and across any lands belonging to Indian tribes organized under certain statutes. § 324 provides with regard to trust lands allotted to individuals as follows:

Rights-of-way over and across lands of individual Indians may be *granted* without the consent of the individual owners if (1) the land is owned by more than one person, and the owners or owner of a majority of the interests therein consent to the *grant;* (2) the whereabouts of the owner of the land or an interest therein are unknown, and the owners or owner of any interests therein whose whereabouts are known, or a majority thereof, consent to the *grant;* (3) the heirs or devisees of a deceased owner of the land or an interest therein have not been determined, and the Secretary of the Interior finds that the *grant* will cause no substantial injury to the land or any owner thereof; or (4) the owners of interests in the land are so numerous that the Secretary finds it would be impracticable to obtain their consent, and also finds that the *grant* will cause no substantial injury to the land or any owner thereof. (Emphasis added)

25 U.S.C. § 325 requires that no *grant* of a right-of-way be made without "the payment of such compensation as the Secretary of the Interior shall determine to be just." 25 U.S.C. § 326 provides that nothing in the 1948 Act shall "amend or repeal" the Federal Water Power Act "nor shall any existing statutory authority empowering the Secretary of the Interior to *grant* rights-of-way over Indian lands be repealed." 25 U.S.C. § 327 authorizes the *grant* of rights-of-way under the provisions of the 1948 Act for the use of the United States upon application by the federal department or agency having jurisdiction over the activity for which the right-of-way is to be used. 25 U.S.C. § 328 empowers the Secretary of the Interior to prescribe any necessary regulations for the purpose of implementing the 1948 Act.

■■■ In view of the foregoing, it is apparent that Movants' contention that the 1948 Act repealed 25 U.S.C. § 357 by implication insofar as § 357 applies to the acquisition of rights-of-way across Indian allotments is without merit. Rather, § 357 and the 1948 Act clearly serve different purposes and provide separate and independent means for obtaining rights-of-way across Indian lands. In this connection, the express language of § 357 indicates that said section applies in a *condemnation* situation while the provisions of the 1948 Act apply only to *grants* of rights-of-way in Indian lands. Thus, approval of the Secretary of Interior or the affected Indian tribe or individual Indian land owners is not required as a prerequisite to condemnation under § 357. *See Transok Pipeline Co. v. Darks,* 565 F.2d 1150, 1152 (Tenth Cir.1977), *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); *see also Plains Electric Generation and Transmission Cooperative, Inc. v. Pueblo of Laguna,* 542 F.2d 1375, 1381–1382 (Tenth Cir.1976) (Seth, J., dissenting). Accordingly, the Court determines that § 357 and not the 1948 Act applies in the instant proceeding and therefore Movants' Motion to Dismiss should be overruled.

■■■ The Court further determines that this ruling involves a controlling question of

**66**

law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of this litigation. Therefore, Movants are hereby granted permission to take an interlocutory appeal from this ruling, but the Court declines to stay proceedings in this matter pending resolution of this appeal. *See* 28 U.S.C. § 1292(b).

In view of the fact that the Court has now appointed commissioners in this case and in light of the disposition made above in connection with Movants' Motion to Dismiss, the Court determines that Movants' "Motion to Postpone Appointment of Commissioners, or in the Alternative to Prohibit Plaintiff from Entering into Possession, Pending Final Resolution of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction" should be stricken as moot as to the requested postponement and overruled as to a prohibition from entering into possession when Plaintiff is in position to request the same.